**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| In re: <br> Armada Water Assets, Inc., <br>     Debtor | § <br> § <br> § <br> § | Chapter 11 <br> Case No. 16-60056 (DRJ) |
| In re: <br> Wes-Tex Vacuum Service, Inc., <br> Debtor | § <br> § <br> § <br> § | Chapter 11 <br> Case No. 16-60055 (DRJ) |
| In re: <br> Summit Holdings, Inc., <br>     Debtor | § <br> § <br> § <br> § | Chapter 11 <br> Case No. 16-60057 (DRJ) |
| In re: <br> Barstow Production Water Solutions, LLC, <br>     Debtor | § <br> § <br> § <br> § | Chapter 11 <br> Case No. 16-60058 (DRJ) |
| In re: <br> Devonian Acquisition Corporation, <br>     Debtor | § <br> § <br> § <br> § | Chapter 11 <br> Case No. 16-60059 (DRJ) |
| In re: <br> Western Slope Acquisition Corporation, <br> Debtor | § <br> § <br> § <br> § | Chapter 11 <br> Case No. 16-60060 (DRJ) |
| In re: <br> Summit Energy Services, Inc., <br>     Debtor | § <br> § <br> § <br> § | Chapter 11 <br> Case No. 16-60061 (DRJ) |
| In re: <br> ORL Equipment LLC, <br> Debtor | § <br> § <br> § <br> § | Chapter 11 <br> Case No. 16-60062 (DRJ) |
| In re: <br> Harley Dome 1, LLC, <br> Debtor | § <br> § <br> § <br> § <br> § | Chapter 11 <br> Case No. 16-60063 (DRJ) <br> <br> (**Joint Administration Requested**) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (1) DIRECTING**
**JOINT ADMINISTRATION PURSUANT TO BANKRUPTCY RULE 1015(b) AND**
**LOCAL RULE 1015-1; AND (2) WAIVING REQUIREMENTS OF BANKRUPTCY**
**<u>CODE SECTION 342(c)(1) AND BANKRUPTCY RULES 1005 AND 2002(n)</u>**

1

**NOTICE UNDER BLR 9013(b) AND 9013(i)**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED; YOU SHOULD FILE AN IMMEDIATE RESPONSE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY. THE DEBTORS HAVE REQUESTED THAT THIS MOTION BE CONSIDERED AT THE DEBTORS' FIRST DAY HEARINGS.

**The Honorable David R. Jones, United States Bankruptcy Judge:**

Armada Water Assets, Inc. ("Armada") and its above-captioned affiliated debtors (collectively, the "Debtors"),[1] file this Emergency Motion for Entry of an Order (1) Directing Joint Administration Pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1; and (2) Waiving Requirements of Bankruptcy Code Section 342(c)(1) and Bankruptcy Rules 1005 and 2002(n) (the "Motion"). In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the Debtors' cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: (i) Armada Water Assets, Inc. (5999); (ii) Wes-Tex Vacuum Service, Inc. (2375); (iii) Summit Holdings, Inc. (3453); (iv) Barstow Production Water Solutions, LLC (0299); (v) Devonian Acquisition Corporation (1431); (vi) Western Slope Acquisition Corporation (7624); (vii) Summit Energy Services, Inc. (3453); (viii) ORL Equipment LLC (3242); and (ix) Harley Dome 1, LLC (2293).

2

McKool 1182897v1

1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Federal Rule of Bankruptcy Procedure 1015 provides the statutory predicate for the requested relief.

2. The Court has constitutional authority to enter final orders with respect to this motion for relief.

## BACKGROUND[2]

3. Armada Water Assets, Inc. ("Armada") is based in Houston and operates a network of multistate comprehensive oilfield service companies providing treatment transportation disposal and delivery of water and similar products for use in the oilfield industry. Armada has fixed operations in Colorado, Utah and Texas through its wholly-owned subsidiaries.

4. The subsidiaries resulted from a "roll up" of previously independent businesses in the oil field services industry serving customers in the Permian, Piceance, and Denver oil basins – oilfields stretching from Utah through Colorado and New Mexico into Texas.  The organizational structure is shown on the chart below:

---

[2] Additional background information may be found in the Affidavit of Tom Breen in support of first-day motions, filed contemporaneously.



5.      Armada had filed an S-1 to become a public company.  However, the oil downturn effectively ended Armada's ability to cash flow positively.  Armada withdrew its public filing.  The shares are still administered by a transfer agent, Island Stock Transfer.  Currently there are approximately 9 Million common shares outstanding.  Generally, no single lender holds the secured or unsecured debt.  The Debtors have liabilities of approximately $25 Million, which include $6 Million in trade debt and dozens of smaller promissory notes, many from shareholders.  The Debtors were unable to borrow more money, or make payments on existing debt in March of 2016.

6.      To preserve value, Armada laid off a substantial number of employees and reduced operations to core personnel.  Armada is now focusing on preserving long-term value.  The purpose of the chapter 11 is to sell nonessential assets, shrink to a core business that can be sustained, recapitalize the company with new money, and emerge with a lower debt burden, exchanging unsecured debt for shares of the reorganized debtor and a pool of cash from the

McKool 1182897v1

liquidation of unencumbered assets. To facilitate the bankruptcy filing, the DIP Lenders[3] made a small prepetition advance, with the bulk of the $1 Million needed for a reorganization to be funded as a secured DIP Loan.

### RELIEF REQUESTED

7.  Pursuant to Federal Rule of Bankruptcy Procedure 1015(b), the Debtors seek joint administration of their chapter 11 cases and implementation of the following procedures:

   a.   One docket shall be maintained for the Debtors' cases, under the case number assigned to Armada Water Assets, Inc.;[4]

   b.   The caption of all pleadings, orders and other papers filed shall be modified as follows to reflect the joint administration of these cases:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| In re: | § | Chapter 11 |
|---|---|---|
|  | § |  |
| **ARMADA WATER ASSETS, INC.,** *et al.*[5] | § | 16-60056 (DRJ) |
| **Debtors** | § | (Jointly Administered) |

   c.   A notation substantially similar to the following notation shall be entered on the docket for all other Debtors to reflect that each of the Debtors' chapter 11 cases shall be jointly administered under the Armada Water Assets, Inc. chapter 11 case:

   An order has been entered in this case directing joint administration of this case solely for procedural purposes with the chapter 11 bankruptcy case of Armada Water Assets, Inc., Case No. 16-60056 (DRJ). The

---

[3] This term is defined in the Debtors' Emergency Motion for Entry of Interim and Final Orders (A) Authorizing Postpetition Financing and (B) Scheduling a Final Hearing.

[4] Although Armada's subsidiary, Wes-Tex Vacuum Services, Inc., was the first entity to submit its bankruptcy petition, the Debtors request that the cases be jointly-administered under the case number assigned to the parent entity, Armada Water Assets, Inc.

[5] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: (i) Armada Water Assets, Inc. (5999); (ii) Wes-Tex Vacuum Service, Inc. (2375); (iii) Summit Holdings, Inc. (3453); (iv) Barstow Production Water Solutions, LLC (0299); (v) Devonian Acquisition Corporation (1431); (vi) Western Slope Acquisition Corporation (7624); (vii) Summit Energy Services, Inc. (3453); (viii) ORL Equipment LLC (3242); and (ix) Harley Dome I, LLC (2293).

5

      docket for Armada Water Assets, Inc. should be consulted for all matters affecting this case.

    d. The Office of the United States Trustee shall conduct joint informal meetings with Debtors, if one is required, and a joint first meeting of creditors, if one is required;

    e. Each of the Debtors shall file separate Schedules of Assets and Liabilities, Statements of Financial Affairs and, as applicable, Lists of Equity Security Holders;

    f. Proofs of claim filed by creditors of any Debtor shall reflect the caption and case number of the Debtor to which the claim relates and in whose case such claim is to be filed;

    g. Separate claims registers shall be maintained for each Debtor;

    h. One plan and disclosure statement may be filed for all of these cases; however, substantive consolidation is not being requested at this time; and

    i. The Debtors shall be authorized to file the monthly operating reports required by the United States Trustee on a consolidated basis in a format acceptable to the United States Trustee.

8. The Debtors additionally request waiver of the need to include the Debtors' full tax identification numbers in pleading captions. *See* 11 U.S.C. § 342(c)(1); FED. R. BANKR. P. 1005 & 2002(n).

## BASIS FOR RELIEF

9. Federal Rule of Bankruptcy Procedure 1015 authorizes the Court to order the joint administration of the estates of a debtor and its affiliates. FED. R. BANKR. P. 1015(b) ("If a joint petition or two or more petitions are pending in the same court by . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates"). Each of the above-captioned Debtors share a common ownership, as Armada directly or indirectly owns 100% of each subsidiary. *See* 11 U.S.C. § 101(2); *see also* Breen Declaration.[6]

---

[6] Section 302 of the Bankruptcy Code further contemplates the joint administration of affiliated cases.

6

10. Joint administration of these cases will save considerable time and expense for the Debtors, their estates, the United States Trustee, and this Court.

11. The Debtors intend to file with the Court numerous motions and applications, including the various motions and applications that have been filed on the first day of these bankruptcy cases. Entry of an order directing joint administration will eliminate unnecessary delay and expense of duplicative motions, applications, and notices. This Court will also be relieved of the burden of entering duplicative orders and maintaining duplicative files by jointly administering the bankruptcy cases.

12. Creditors will not be adversely affected by joint administration of these cases. The Debtors are not seeking substantive consolidation. Each creditor will be required to file a claim against a particular Debtor's estate; separate claims registers will be maintained, and each estate's assets will be subject to only the claims of creditors of that estate.

13. Moreover, omitting the Debtors' tax identification number and address from pleading captions is purely procedural and will not affect any party's rights, as this information is available already on the Debtors' chapter 11 petitions.

## **NOTICE**

14. Notice of this Motion will be provided by overnight delivery and/or e-mail or facsimile to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) all known or alleged secured creditors; (c) the 30 largest consolidated unsecured creditors of the Debtors; (d) the DIP Lender(s); (e) all known shareholders holding over 5% of a class of equity interests in any of the Debtors; and (f) the Internal Revenue Service; and (g) the Texas Comptroller.

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form attached to this Motion granting the relief requested in this Motion, and grant the Debtors such other and further relief as may be just and proper.

Dated: May 23, 2016.

        **MCKOOL SMITH, P.C.**

        By:   */s/ Hugh M. Ray, III*
            Hugh M. Ray, III
            State Bar No. 24004246
            Benjamin W. Hugon
            State Bar No. 24078702
            Veronica F. Manning
            State Bar No. 24098033
            600 Travis, Suite 7000
            Houston, Texas 77002
            Tel: 713-485-7300
            Fax: 713-485-7344

        *Proposed Counsel for the Debtors and Debtors-in-Possession*