UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ARMADA WATER ASSETS, INC., *et al.*[1] | § | 16-60056 (DRJ) |
| Debtors | § | (Joint Administration Requested) |

### EMERGENCY APPLICATION TO EMPLOY AND RETAIN TOM BREEN AS CHIEF RESTRUCTURING OFFICER

### NOTICE UNDER BLR 9013(B) AND 9013(I)

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED; YOU SHOULD FILE AN IMMEDIATE RESPONSE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY. THE DEBTORS HAVE REQUESTED THAT THIS MOTION BE CONSIDERED AT THE DEBTORS' FIRST DAY HEARINGS.

**To the Honorable David R. Jones, Chief United State Bankruptcy Judge:**

Armada Water Assets, Inc. and its above-captioned affiliated debtors (collectively, the "Debtors"), file this Application to Employ and Retain Tom Breen as the Debtors' Chief Restructuring Officer (the "Application"), and in support thereof, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: (i) Armada Water Assets, Inc. (5999); (ii) Wes-Tex Vacuum Service, Inc. (2375); (iii) Summit Holdings, Inc. (3453); (iv) Barstow Production Water Solutions, LLC (0299); (v) Devonian Acquisition Corporation (1431); (vi) Western Slope Acquisition Corporation (7624); (vii) Summit Energy Services, Inc. (3453); (viii) ORL Equipment LLC (3242); and (ix) Harley Dome 1, LLC (2293).

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case in this District is proper pursuant to 28 U.S.C. §§ 1408. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for the relief sought herein are Sections 327, 363 and 1107 of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016 and 5002. The Court has constitutional authority to enter final orders with respect to this motion for relief.

## BASIS FOR EMERGENCY CONSIDERATION

3. Emergency relief is justified, notwithstanding Bankruptcy Rule 6003, because the Debtors' prepetition lenders have lost confidence in Debtors' management and the Debtors' relationships with its trade creditors are strained. Employment of a CRO is vital to the success of these cases. A new representative of the Debtors specifically focused on restructuring will be able to work with lenders and trade creditors in a much more productive manner than the Debtors' prior management.

4. The Debtors need to have a CRO to work with the lenders, trade creditors, professionals, and the Court. Mr. Breen has experience as a CRO. If the Court does not authorize him to act for the Debtors on an emergency basis, the Debtors will suffer severe and irreparable harm as there will be no bankruptcy expert acting to prepare and sign schedules, negotiate with bankruptcy lenders, or take the other acts needed to preserve estate assets and obtain the best recovery for these estates.

5. Further basis for emergency relief is set forth in the affidavit accompanying the first-day motions, which will be filed contemporaneously.

# FACTUAL BACKGROUND[2]

6. Armada Water Assets, Inc. ("Armada") is based in Houston and operates a network of multistate comprehensive oilfield services companies providing treatment transportation disposal and delivery of water and similar products for use in the oilfield industry. Armada has fixed operations in Colorado, Utah and Texas through its wholly-owned subsidiaries.

7. The subsidiaries resulted from a "roll up" of previously independent businesses in the oilfield services industry serving customers in the Permian, Piceance, and Denver oil basins – oilfields stretching from Utah through Colorado and New Mexico into Texas. The organizational structure is shown on the chart below:



8. To preserve value, Armada laid off a substantial number of employees and reduced operations to core personnel. Armada is now focusing on preserving long-term value. The purpose of the chapter 11 is to sell nonessential assets, shrink to a core business that can be

---

[2] A more complete background of the Debtors' businesses and the events leading to the filing of this case is affidavit of Tom Breen filed contemporaneously.

McKool 1183022v4

sustained, recapitalize the company with new money, and emerge with a lower debt burden, exchanging unsecured debt for shares of the reorganized debtor and a pool of cash from the liquidation of unencumbered assets. To facilitate the bankruptcy filing, the DIP Lenders[3] made a small prepetition advance, with the bulk of the $1 Million needed for a reorganization to be funded as a secured debtor-in-possession loan.

## RELIEF REQUESTED

9. By this Application, the Debtors request authorization to employ and retain Tom Breen as the Debtors' Chief Restructuring Officer ("CRO"), effective *nunc pro tunc* to the Petition Date. The terms and conditions of engagement (most particularly those pertaining to reporting requirements of the CRO and the financial compensation for services) are set forth generally in the Engagement Letter, which is attached hereto as **Exhibit A**.

10. Under the Engagement Letter, Mr. Breen will include his fees and expenses in the monthly operating reports filed with the Court on behalf of the Debtors.

11. Moreover, to encourage Mr. Breen to undertake this action, the Debtors propose to indemnify Mr. Breen to the extent set forth in the Engagement Letter which, for the avoidance of doubt, will not include indemnification for fraud or willful misconduct.

12. Additionally, the Debtors respectfully request entry of an order pursuant to Sections 363 and 327 of the Bankruptcy Code employing and retaining Mr. Breen as the Debtors' CRO.

## SERVICES TO BE RENDERED

13. The Debtors anticipate Mr. Breen may render the following services as CRO in this case:

---

[3] This term is defined in the Debtors' Emergency Motion for Entry of Interim and Final Orders: (A) Authorizing Postpetition Financing and (B) Scheduling a Final Hearing.

- Manage the day-to-day operation of the Debtors.

- Manage the Debtors' financial and treasury functions.

- Assist the Debtors in (i) cash management, planning, general accounting and financial reporting information management, and (ii) formulation and negotiation with respect to a plan of liquidation or reorganization.

- Assist with the preparation of the statement of financial affairs, schedules and other regular reports required by the Bankruptcy Court or which are customarily issued by the Debtors' Chief Financial Officer as well as providing assistance in such areas as testimony before the Bankruptcy Court on matters that are within Mr. Breen's areas of expertise.

- Assist with financing issues during the bankruptcy case.

- Lead negotiations with stakeholders and their representatives.

- Coordinate and provide support for the bankruptcy cases and developing a plan of reorganization or other appropriate case resolution, if necessary.

- Assist in negotiations with potential acquirers of the Debtors' assets.

- Manage the "working group" professionals who are assisting the Debtors in the reorganization process to improve coordination of their effort and individual work product to be consistent with the Debtors' overall restructuring goals.

- Work with the Debtors and management to further identify and implement both short-term and long-term liquidity generating initiatives, including collection of existing accounts receivable and sale of assets.

- Management of the claims and claims reconciliation processes.

- Assist with such other matters as may be requested by the board of directors or necessitated by the bankruptcy process that fall within Mr. Breen's expertise and that are mutually agreed upon.

14. The services to be provided by Mr. Breen will not be duplicative of those provided by any other advisors to the Debtors, and Mr. Breen will coordinate any services performed at the Debtors' request with the services of any other financial advisors and counsel, as appropriate, to avoid duplication of effort.

## QUALIFICATIONS

15. The Debtors have selected Mr. Breen as CRO because of his experience and knowledge of the oilfield services industry, accounting, and bankruptcy.

16. The Debtors need assistance in collecting, analyzing and presenting accounting, financial and other information in relation to these chapter 11 cases. Mr. Breen has considerable experience with rendering such services to other debtors and parties in numerous chapter 11 cases, as more fully set forth in the affidavit of Tom Breen (the "Breen Affidavit") filed in support of this Application and attached as **Exhibit B**. Mr. Breen is well qualified to perform the work required in this case.

17. Mr. Breen's employment is necessary and in the best interest of the Debtors and their estates.

## LACK OF MATERIAL ADVERSE INTERESTS

18. Mr. Breen has reviewed the names of significant parties in interest provided to him the Debtors (collectively, the "Interested Parties"). The Interested Parties are comprised of the following categories of entities: (a) the Debtors and its affiliates, (b) the Debtors' secured lenders, (c) the Debtors' largest unsecured creditors, (d) the Debtors' current professionals, and (e) other parties in interest reasonably ascertainable. To the best of his knowledge, Mr. Breen does not have any connection with the Debtors, its creditors or any other Interested Parties herein or their respective professionals, the Court or the United States Trustee, except as follows:

   a. Mr. Breen served as Interim CFO for Summit Holdings, Inc. and Summit Energy Services, Inc. from August 2013 through November 2013. From October 2014 to March 2016, Mr. Breen served as General Manager of operations for Summit Holdings, Inc. and Summit Energy Services, Inc.

   b. While employed at Summit Holdings, Inc. and Summit Energy Services, Inc., Mr. Breen worked with Mitch Burroughs, Zach Donaldson, Oliver Laurence, and Sami Ahmad. In addition, Mr. Breen worked with Jay Haralson this Spring as Mr. Haralson attempted to sell some of Summit's assets at Armada's request.

   c. Mr. Breen was engaged by the Debtors as CRO for a brief period of time prepetition (from May 16, 2016 until the petition date).

19. To the best of the Debtors' knowledge and based upon the Breen Affidavit, Mr. Breen is not a creditor or equity interest holder of any of the Debtors.

20. To the best of the Debtors' knowledge and based on the Breen Affidavit, Mr. Breen has not provided, and will not provide, any services to any of the creditors, other parties-in-interest, or their respective attorneys and advisors, with regard to any matter related to these chapter 11 cases.

21. To the best of the Debtors' knowledge, and based upon the Breen Affidavit, Mr. Breen does not have an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders with respect to his previous employment with Summit Holdings, Inc. or Summit Energy Services, Inc., or for any other reason.

## BASIS FOR RELIEF

22. Mr. Breen meets the standards for being retained, for the following reasons.

23. Notwithstanding limited exceptions irrelevant here, section 1107(a) of the Bankruptcy Code provides that a "debtor in possession shall have all the rights . . . and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter."  11 U.S.C. § 1107(a).

24. Section 327 of the Bankruptcy Code allows, subject to Court approval, a trustee to "employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."  11 U.S.C. § 327(a).

25. As set forth above, Mr. Breen does not hold, and does not represent, an interest materially adverse to the estates.

26. Mr. Breen does not technically qualify as a "disinterested person" as a result of his prior employment by Summit Holdings, Inc. and Summit Energy Services, Inc., and as a result of his employment as CRO immediately prior to the bankruptcy filing.

27. Nevertheless, section 1107(b) of the Bankruptcy states that "[n]otwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

28. Mr. Breen's prior employment by the Debtor does not disqualify him from employment under section 327. As Mr. Breen is in all other manners a "disinterested person," and does not hold or represent any interest materially adverse to the estates, Mr. Breen may be engaged as CRO under section 327.

## PROFESSIONAL COMPENSATION

29. Under the terms of the Engagement Letter, Mr. Breen will receive $15,000.00 per month plus expenses. Mr. Breen will include his fees and expenses in the monthly operating reports filed with the Court on behalf of the Debtors.

30. Within the ninety (90) days prior to the Petition Date, Mr. Breen was not paid any amounts for services as CRO during the same period.

## *NUNC PRO TUNC* RELIEF REQUESTED

31. Pursuant to the Debtors' request and due to exigent circumstances, Mr. Breen commenced this engagement immediately upon the Petition Date and with assurances that the Debtors would seek approval of its employment *nunc pro tunc* to the Petition Date.

32. Based upon the foregoing circumstances, the Debtors submit that cause exists to authorize the retention of Mr. Breen *nunc pro tunc* to the Petition Date.

33. The employment of Mr. Breen should be approved effective as of the Petition Date, with Mr. Breen having the right to seek compensation for services rendered on and after that date at the rates referenced in the Breen Affidavit.

## **NOTICE**

34. Notice of this Motion will be provided by overnight delivery and/or e-mail or facsimile to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) all known or alleged secured creditors; (c) the 30 largest consolidated unsecured creditors of the Debtors; (d) the DIP Lender(s); (e) all known shareholders holding over 5% of a class of equity interests in any of the Debtors; (f) the Internal Revenue Service; and (g) the Texas Comptroller. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **CONCLUSION**

35. The Debtors respectfully request the Court enter an order, substantially in the form attached hereto, (i) granting this Application, (ii) authorizing the Debtors to employ and retain Mr. Breen as the Debtors' CRO, effective as of the Petition Date, to perform the services set forth herein, with compensation to be paid as an administrative expense in such amounts as this Court may order under the Bankruptcy Code, and (iii) granting such other and further relief as is just and proper.

Dated: May 23, 2016.

                                      **MCKOOL SMITH, P.C.**

                          By:   */s/ Hugh M. Ray, III*
                                  Hugh M. Ray, III
                                  State Bar No. 24004246
                                  Benjamin W. Hugon
                                  State Bar No. 24078702
                                  Veronica F. Manning
                                  State Bar No. 24098033
                                  600 Travis, Suite 7000
                                  Houston, Texas 77002
                                  Tel: 713-485-7300
                                  Fax: 713-485-7344

                                  *Proposed Counsel for the Debtors and Debtors-in-Possession*

McKool 1183022v4